## Day *v.* McAuley, Appellant.

*Road law — Town site reserved by Commonwealth — Streets and alleys—Vacation—Acts of March 13, 1783; September 11, 1787, and March 21, 1905, P. L. 46.*

Where, under the Acts of March 13, 1783, and September 11, 1787, a plan of public land was set apart as a town site, and the streets and alleys declared to be lanes and alleys forever, and where subsequently the Act of March 21, 1905, P. L. 46, empowered municipalities to vacate streets laid out by the Commonwealth and unimproved for thirty years prior to such vacation, a municipality may vacate a street laid out on such a site, and, after the damages or benefits have been ascertained and provided for, as required by the Act of 1905, such street ceases to be an encumbrance on any lands included in the town site, affecting the marketability of such lands.

Argued April 19, 1920.   Appeal, No. 70, Oct. T., 1920, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1920, No. 1731, for plaintiff on case-stated in suit of Evelyn G. Day v. John T. McAuley.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.   Affirmed.

Case-stated to determine marketability of real estate.

FORD, J., filed the following opinion:

It appears that, by an agreement dated October 1, 1919, the plaintiff agreed to sell and convey and defendant agreed to purchase certain lots or pieces of ground situate in the City of Pittsburgh.   On November 1, 1919, the plaintiff tendered a deed for the land agreed to be sold.   The defendant refused to accept the deed and refused to pay the stipulated purchase price, claiming that the premises were subject to an encumbrance, in that

Lot No. 25, one of the lots to be conveyed, was entirely included within the lines of Federal Lane as originally laid out and that Lot No. 6 was crossed for its entire width by the lane, an unopened street, approximately eighty feet in width.

The property is situated in the plan of public land known as "The Reserved Tract" or "Pittsburgh Reserve" and was set apart by the Commonwealth by the Act of March 12, 1783, 2 Sm. L. 62, and, by the Act of Sept. 11, 1787, was surveyed and laid out in lots as a town site. The latter act declared that the streets, lanes and alleys, as laid out, shall be lanes and alleys forever. Federal Lane was one of the highways designated in the plan and has never been opened over or through the land owned by the plaintiff.

By the Act of March 21, 1905, P. L. 46, the municipalities of the Commonwealth are empowered and authorized to vacate, in whole or in part, all streets, lanes and alleys within their corporate limits laid out by the Commonwealth, .whenever the same or the portion to be vacated shall have remained unopened for a continuous period of thirty years preceding such vacation. Section 2 of the act relates to proceedings for the ascertainment of damages and the assessment of benefits incident to the vacation.

In pursuance of the provisions of the Act of 1905, the City of Pittsburgh, by an ordinance approved June 16, 1910, vacated Federal Lane between Lafayette avenue and Perrysville avenue and a numbered section of Federal Lane now Federal street. The part vacated included that part of Federal Lane lying within the lines of property described in the agreement of sale.

Thereafter, on petition of the City of Pittsburgh, viewers were appointed to ascertain the damages and assess the benefits arising from the vacation. After performing the duties committed to them, the viewers filed their report showing that no damages had been awarded and no benefits had been assessed against the property

proposed to be sold and conveyed. The report of the viewers was confirmed absolutely, and the time for filing exceptions and taking an appeal has expired.

In Shoub et ux. v. Dunbar, 256 Pa. 311, a case-stated to determine the marketability of the title to certain lands affected by the vacation of Federal Lane, it appeared that the damages and benefits arising from the vacation had not been ascertained nor had proceedings to that end been instituted as required by section 2 of the Act of March 21, 1905. It was held that as benefits might be assessed against the lots which appellants had agreed to convey to appellee, clear of all liens and encumbrances, judgment was properly entered for the defendant on the case-stated.

In the present case the damages have been ascertained and the benefits assessed in the manner provided by law and it is conceded that unless the land is subject to an easement in the public or in the owners of lots in the plan of the "Reserved Tract" plaintiff's title is clear of liens and encumbrances.

The rule seems to be well established that public highways are under the control of the legislature. While, as regards vacations, its control is generally exercised through the instrumentality of local governmental subdivisions of the State, the legislature may, in the absence of constitutional limitations, discontinue highways by direct legislative act: 37 Cyc. 175.

The power to vacate streets in the "Reserve Tract" and in other similar plans established by the sovereign power of the Commonwealth, has never been questioned. By Act of February 17, 1852, P. L. 67, the State vacated a portion of Ferry Lane in the reserve tract opposite Pittsburgh. By Act of February 28, 1861, P. L. 76, the general assembly vacated certain lanes and alleys in the Borough of Beaver. What is now the Borough of Beaver was also laid out as a reserve tract.

A purchaser of lots in the "Reserve Tract" takes the lots with notice that the streets were subject to the right

of the legislature to vacate the highways, and, the State having authorized the vacation of Federal Lane, the easement is extinguished. Upon the facts stated, we are of opinion that Evelyn G. Day, the plaintiff, has a good and marketable title in fee simple, free and clear of all liens and encumbrances and that judgment should be entered in favor of the plaintiff.

Defendant appealed.

*Error assigned* was judgment, quoting it.

*William McC. Herron,* for appellant.

*Thomas M. Marshall* and *Thomas M. Marshall, Jr.,* for appellee, were not heard.

PER CURIAM, May 10, 1920:

But a single question is raised on this appeal, and the conclusive answer to it is found in the opinion of the learned court below directing judgment to be entered for the plaintiff. On that opinion it is affirmed.